UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| ANDREA NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  8:20-cv-2323 |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC and PROCOLLECT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANDREA NEAL ("Plaintiff"), through her attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendants, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and PROCOLLECT, INC. ("ProCollect") (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in the City of Silver Spring, Montgomery County, Maryland.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6. Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Maryland, is a citizen of the state of Maryland.

7. At all relevant times Defendant Equifax each was a "consumer reporting agency" as that term is defined by the FCRA.

8. Defendant ProCollect regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Maryland, is a citizen of the state of Maryland.

9. At all relevant times, Defendant ProCollect was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

10. At all relevant times, Defendants each were a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

12. Defendant Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

13. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit, named: ProCollect.

14. On or about February 28, 2020, Plaintiff sent a letter to Defendant Equifax informing it of the inaccurate reporting of the trade-line.

15. Plaintiff requested that Defendant Equifax correct the inaccurate trade-line.

16. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

17. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

18. On or about February 28, 2020, Plaintiff disputed the inaccurate information with Defendants by written communication to their representatives [and by following Defendant Equifax's established procedure for disputing consumer credit information].

19. Plaintiff's written dispute explained that Plaintiff is a victim of identity theft.

20. Plaintiff's written dispute explained that the ProCollect account is a result of Plaintiff's identity theft.

21. Plaintiff's written dispute provided documentation to support Plaintiff's dispute.

22. Upon information and belief, Defendant Equifax notified ProCollect of Plaintiff's dispute and the nature of the dispute.

23. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant Equifax, Defendant ProCollect received notification from Defendant Equifax of Plaintiff's dispute and the nature of the dispute.

24. Upon information and belief, Defendant Equifax received the results of Defendant ProCollect investigation as to Plaintiff's dispute.

25. Upon information and belief, Defendant Equifax updated the reporting of the account at issue solely based upon the information it received from Defendant ProCollect in response

to Plaintiff's dispute.

26. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

27. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

28. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

29. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Impeded Plaintiff's ability to obtain credit;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

4

## COUNT I
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

30. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

32. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, ANDREA NEAL, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

5

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

   e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT PROCOLLECT VIOLATED THE FAIR CREDIT REPORTING ACT

33. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant ProCollect violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

   b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

   e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information

>relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

35. ProCollect's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, ProCollect is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, ANDREA NEAL, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., for the following:

   a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

   d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

   e. Any other relief that this Honorable Court deems appropriate.

                                                            RESPECTFULLY SUBMITTED,

August 11, 2020                      By: /s/ Michael A. Siddons
                                            Michael A. Siddons
                                            Attorney #89018
                                            The Law Firm of Michael Alan Siddons, Esquire
                                            230 N. Monroe Street
                                            PO Box 403
                                            Media, PA 19063
                                            Tel: 410-705-0970
                                            msiddons@siddonslaw.com
                                            Attorney for Plaintiff